IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, etc., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION 07-0684-WS-B |
| PARKER TOWING COMPANY, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the individual defendants' motion to dismiss and, in the alternative, motion to stay. (Doc. 23). The plaintiff has filed a response, (Doc. 27), the movants declined the opportunity to reply, (Doc. 24), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion to dismiss is due to be granted and the motion to stay is due to be denied as moot.

The movants are the plaintiffs in a state court action brought against the corporate defendants and several others for damages resulting from the alleged occupation and clearing of the plaintiff's undeveloped land in Clarke County. The state complaint seeks compensatory damages and punitive damages but does not identify the elements of compensatory damages and does not identify a sum demanded, other than one in excess of the state court's jurisdictional threshold of $10,000. (Doc. 1, Exhibit A).

The plaintiff herein issued a policy of insurance to the two corporate defendants. (Doc. 1, Exhibit B at 3, 11). The plaintiff brings this action seeking a declaration that it does not owe its insureds a duty to defend or to indemnify. (Doc. 1 at 6). Subject matter jurisdiction is based on diversity of citizenship, (*id.* at 4), and there appears to be no dispute that the plaintiff is not a citizen of any state of which any of the defendants is a

citizen. Instead, the movants argue that the plaintiff has not met its burden of establishing that the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 23 at 3-6).

The complaint alleges generally that the amount in controversy exceeds this figure. (Doc. 1 at 2-3, ¶ 10). The complaint then explains that this conclusion is based on "the nature of the claims and allegations of damages" in the underlying lawsuit, plus the plaintiff's costs of defense of that lawsuit. (*Id*. at 3-4, ¶¶ 11-13). In its brief, the plaintiff adds the argument that its policy limits are $1,000,000, easily dwarfing the jurisdictional threshold. (Doc. 27 at 3).

"[W]here jurisdiction is based on a claim for indeterminate damages, ... the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). This principle applies to declaratory judgment actions brought in federal court by an insurer. *Id*. In such cases, the raw conclusion of the plaintiff that the amount in controversy exceeds the jurisdictional amount does not keep the damages sought from being indeterminate. *Id*. at 808 (a prayer for damages is indeterminate for purposes of this rule if the complaint "'does not allege a specific amount of damages'") (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

Because the complaint does not seek a specific amount of damages but includes only a raw conclusion that the amount in controversy exceeds the jurisdictional amount, the plaintiff has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds that threshold. As noted, to meet this burden the plaintiff has relied only on the allegations of the state complaint, its costs of defense, and the limits of its policy. As discussed below, these are insufficient to carry the plaintiff's burden.

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective."

*Federated Mutual*, 329 F.3d at 807 (internal quotes omitted). While a low policy limit may be relevant in showing that the monetary value of the action to the insurer does not reach the jurisdictional threshold, *id*. at 808, a high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit. *E.g., Hartford Insurance Group v. Lou-Con, Inc*., 293 F.3d 908, 911 (5th Cir. 2002) ("[I]n declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim - not the face amount of the policy.") (internal quotes omitted); *accord Toler v. State Farm Mutual Automobile Insurance Co.*, 25 Fed. Appx. 141, 144 (4th Cir. 2001); *Farmers Insurance Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979).

      As noted, the allegations of the underlying complaint are very generalized. There is nothing within them to show the amount or range of any probable award, and the plaintiff offers nothing to supply the deficiency. While the costs of defense are an appropriate element in calculating the amount in controversy, *Stonewall Insurance Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976), the plaintiff has not attempted to quantify those costs. Under these circumstances, the plaintiff has failed to meet its burden of establishing by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.

      For the reasons set forth above, the movants' motion to dismiss for want of subject matter jurisdiction is **granted**. The movants' motion to stay is **denied as moot**. This action is **dismissed without prejudice**.

      DONE and ORDERED this 27th day of December, 2007.

                                        s/ WILLIAM H. STEELE
                                        UNITED STATES DISTRICT JUDGE